# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | Civil Action No., _____ |

## DECLARATION OF ROBERT BELKNAP

I, Robert Belknap, declare as follows:

1. I am the Executive Director Trade Relations of Boehringer-Ingelheim Pharmaceuticals, Inc. ("Boehringer"). Since July 28th, 2004, I have been responsible for the wholesale distribution of Boehringer's patented prescription drugs. I am knowledgeable about Boehringer's purchasing system, including its sales arrangements with wholesalers and other customers and, more specifically, its sales of patented prescription drugs that are ultimately resold in the District of Columbia.

2.  Boehringer is a corporation organized and existing under the laws of Delaware that maintains its principal place of business in Ridgefield, Connecticut. Boehringer is a member of the Pharmaceutical Research and Manufacturers of America ("PhRMA"), the plaintiff in this action.

3.  Boehringer is a major research-oriented pharmaceutical company that has been in operation in the United States since 1971. In that time, Boehringer and the Boehringer family of companies have discovered, developed, and/or marketed innovative medications for the treatment of respiratory, cancer, cardiovascular, immunological, and central nervous system diseases. Boehringer holds or has rights to numerous patents protecting prescription drugs, including VIRAMUNE® (nevirapine) tablets and oral suspension indicated for use in combination with other antiretroviral agents for the teatment of HIV -1 infection. Every year, Boehringer produces patented prescription drugs that are ultimately used by patients throughout the United States, including patients in the District of Columbia.

4.  Although Boehringer supplies very limited quantities of patented prescription drugs directly to doctors and hospitals in the District of Columbia, the vast majority of the transactions covered by the D.C. Prescription Drug Excessive Pricing Act of 2005 ("the Act") that will involve Boehringer will be transactions occurring wholly outside of the District of Columbia. Boehringer is based in Ridgefield, Connecticut and has its principal United States' manufacturing facilities in Columbus, Ohio and its warehouses in Reno, Nevada. Boehringer sells patented prescription drugs predominantly to wholesalers and warehousing retail chains, which, in turn, distribute these drugs to hospitals, retail pharmacies, and (in the case of warehousing retail chains) patients

throughout the country, including the District of Columbia. Boehringer's offices in Ridgefield, CT receive and fill orders for patented prescription drugs from wholesalers and warehousing retail chains. Boehringer's factory in Ohio and warehouses in Nevada ship the orders to the purchasing entity. No wholesaler or warehousing retail chain to whom Boehringer sells patented prescription drugs is based in the District of Columbia or receives shipments of patented prescription drugs from Boehringer in the District. The principal wholesalers to which Boehringer sells its patented prescription drugs are based in Valley Forge, Pennsylvania (AmerisourceBergen Corp.), San Francisco, California (McKesson Corp.), Columbus, Ohio (Cardinal Health, Inc.). The wholesalers and warehousing retail chains to whom Boehringer sells its patented prescription drugs do not act on behalf of Boehringer when they re-sell those drugs, and Boehringer does not control the terms of those resales.

5. Absent action by Boehringer to modify its pricing or distribution practice—action that inevitably would injure Boehringer—the presumption of excessive pricing under the Act coupled with the impossibility of knowing how a court ultimately would assess a challenged price would place Boehringer at substantial risk of liability under the Act. Under any scenario, Boehringer will be injured by operation of the Act.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 4, 2005.

Robert Belknap