IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHARMACEUTICAL RESEARCH AND  ) <br> MANUFACTURERS OF AMERICA,  ) <br>                                                                  ) <br> Plaintiff,                                           ) <br>                                                                  ) <br> v.                                                         ) <br>                                                                  ) <br> THE DISTRICT OF COLUMBIA et al.,  ) <br>                                                                  ) <br> Defendants.                                    ) <br> _____) | Civil Action No.,_____ |

## DECLARATION OF Michael L. Broughton

I, Michael L. Broughton, declare:

1. I am the Manager of Distribution Operations for Eli Lilly and Company ("Lilly"). Since 2002, I have been responsible for managing the wholesale distribution of Lilly's patented prescription drugs. I am knowledgeable about Lilly's distribution system, including its sales arrangements with wholesalers and other customers and, more specifically, its sales of patented prescription drugs that are ultimately resold in the District of Columbia.

2. Lilly is a corporation organized and existing under the laws of Indiana that maintains its principal place of business in Indianapolis, Indiana.

3. Lilly holds patents for branded prescription drugs, including, among others, Zyprexa (onlanzapine), Humalog (Insulin lispro injection [rDNA origin]), Evista (Raloxifine HCl), Cymbalta (Duloxetine hydrochloride), Xigris (Drotrecogin alfa) and Gemzar (Gemcitabine HCl). Every year, Lilly produces patented prescription drugs for patients throughout the United States, including patients in the District of Columbia.

4. All of Lilly's sales of its prescription drugs occur outside of the District of Columbia through arms-length transactions with authorized, independent wholesalers/distributors and five retail chains and one other non distribution / non retail customer (located in New York). Neither Lilly nor any of the wholesalers/distributors or retail chains to which Lilly sells is based in the District of Columbia. The only pharmacy chains to which Lilly currently sells directly are Longs (headquartered in Walnut Creek, California), Walmart (headquartered in Bentonville, Arkansas) Discount Drug Mart (headquartered in Medina, Ohio), Happy Harry's (headquartered in Newark, Delaware) and Schnucks (headquartered in St. Louis, Missouri). Lilly does not engage in any sales transactions with its wholesalers that take place in the District of Columbia.

5. Orders for all Lilly products from the authorized wholesalers/distributors and the five retail chains are filled from the Lilly warehouses located in Connecticut, Indiana, and California. In accordance with the terms of Lilly's standard agreement with the wholesalers/distributors and retail chains ("Agreement"), Lilly's warehouse delivers the prescription drugs to the wholesaler/distributors or retail chains at the loading dock of Lilly's warehouse (F.O.B. shipping point). As stated in the Agreement, title to the prescription drugs passes to the wholesaler/distributor or retail chain at that point — in other words, at the Connecticut, Indiana, or California warehouse.

6. The wholesalers/distributors and retail chains sell the prescription drugs to their own customers in separate, independent transactions. The wholesalers'/distributors' customers are located throughout the United States, including the District of Columbia. It is Lilly's understanding, however, that the retailers it does sell directly to, do not have any stores within the District of Columbia. The wholesalers/distributors and retail chains

do not act on behalf of Lilly in the resale of the prescription drugs. Lilly has no control over the terms of the resale of its products and/or the locations that they may be resold within the United States.

7. On occasion, at the request of the wholesaler or distributor (or in the case of Lilly's growth hormone product Humatrope, the relevant healthcare facility or treating physician's office), Lilly may ship product directly to a particular end customer of a wholesaler or distributor, but this is simply a shipping matter; the terms of the sale are governed by the same Agreement provisions and the wholesaler or distributor is the party billed and is responsible for payment.

8. Lilly's policy of selling products in this manner has been in place for at least eight years.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 11, 2005.

_____
Michael L. Broughton