# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>THE DISTRICT OF COLUMBIA, *et al.*,  )<br><br>Defendants.  ) | Civil Action No. 05-2015 (RJL) |

### DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and the local rules of this Court, Defendants request that Plaintiff answer the following interrogatories in writing and under oath and that such answers be delivered to the Offices of the Attorney General of the District of Columbia, 441 4th Street, N.W., 6th Floor South, Washington, D.C. 20001, within five (5) days (including weekends and holidays) of service hereof by electronic means.

### DEFINITIONS AND INSTRUCTIONS

1. As used herein, unless otherwise specifically indicated, the term "Plaintiff" refers the Pharmaceutical Research and Manufacturers of America, it members, all other persons and corporations or business entities (whether or not separate legal entities) subsidiary to, parent to or affiliated with Plaintiff and all present and former officers, directors, trustees, employees, staff members, agents or representatives, including counsel.

2.    Whenever in the following interrogatories a request is made to "specify with particularity", the term "specify with particularity" shall mean to identify and describe all information, tangible and intangible, documents, and persons with information or documents responsive to the request. In addition:

A.    With respect to documents, the term "specify with particularity" means to tabulate each document in the designated category, supplying separately as to each such document the following information:

    i.    The type of document (e.g., letter, notebook, etc.) and the number of pages of which it consists;

    ii.    The date of the document, if any (and if no date appears thereon, the answer shall so state and shall give the date or approximate date that such document was prepared);

    iii.    The date on which the document came into any Plaintiff's possession or control, if different from the date appearing on the document itself;

    iv.    The name and title of the signer of the document and the name and title of the author, if different from that of the signer (and if it was not signed, the answer shall so state and shall give the name and title of the person who prepared it, if known, and if not known, the answer shall so state);

    v.    The name and title of each recipient or addressee of such document (whether specifically named therein or not); who received copies of the document, either at the time of initial distribution or any subsequent time;

    vi.    A brief summary of the subject matter of the document; and

    vii.    The present whereabouts of the document and the name and address of the custodian thereof.

B.   With respect to persons, the term "specify with particularity" means to give for such person the full name, the position at the relevant time, the present or last known residence address, and the present or last known business position, affiliate and address. In each instance where a business entity is identified in response to an Interrogatory, give the full name and address of such entity.

C.   With respect to information, both tangible and intangible, other than documents or persons, the term "specify with particularity" means to provide information responsive to the interrogatories, supplying separately as to each interrogatory the following information:

    i.   A description of the information (e.g., tangible, intangible) and the medium on which such information exists, if applicable;

    ii.   The date the information was generated, if any (if no date is available, the answer shall so state and shall give the date or approximate date that such information was generated);

    iii.   The date on which the information came into Plaintiff's possession or control, if different from the date the information was generated;

    iv.   The name and title of the person to whom the information is attributed and the name and title of the person who generated the information, if different from the person to which the information is attributed (and if not known, the answer shall so state);

    v.   The name and title of each recipient or addressee of such information (whether specifically named therein or not) or copies of such information, either at the time of initial distribution or any subsequent time;

    vi.   A brief summary of the subject matter of the information; and

       vii.    The present whereabouts of the information and the name and address of the custodian thereof.

D.    With respect to events, the term "specify with particularity" means to provide a description of the event, the date of the event, the location of the event, and the individual and organizational entities participating in the event.

3.    Should Plaintiff deem to be privileged of any information that is requested by any of the following interrogatories, Plaintiff shall supply the following:

    a.    The type of information (e.g., letter, notebook, intangible, etc.);

    b.    The date the information was requested or generated, if any (and if no date is available, the answer shall so state and shall give the date or approximate date that such information was prepared);

    c.    The date on which the information came into Plaintiff's possession or control, if different from the date the information was generated;

    d.    The name and title of the person who generated the information and the name and title of the person to whom the information is attributed, if different from the person who generated the information;

    e.    If the information is a document, the name and title of the signer of the document and the name and title of the author (and if the document was not signed, the answer shall so state and shall give the name and title of the person who prepared it, if known, and if not known, the answer shall so state);

    f.    The name and title of each recipient or addressee of such information (whether specifically named therein or not), either at the time of initial distribution or any subsequent time;

    g.    A brief summary of the subject matter of the information; and

        h.      The present whereabouts of the information and the name and address of the custodian thereof.

Further, Plaintiff shall supply the grounds on which each claim of privilege rests, identify who is making the claim of privilege, and identify the portion of the information to which the claim extends.

    4.      The singular includes the plural and vice versa and the words "and" and "or" are used both conjunctively and disjunctively to encompass all matters joined in the interrogatory.

    5.      The term "Complaint" means the complaint filed by Plaintiff on or about October 12, 2005.

    6.      The term "Motion" means the Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff on or about October 12, 2005.

    7.      The "D.C. Act" means D.C. Act 16-171, the "Prescription Drug Excessive Pricing Act of 2005."

    8.      In answering these interrogatories, you are required to furnished all information known to you including, without limitation, information in the possession of your advisors, associates, agents, consultants, employees, attorneys, or investigators. If you are unable to answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure information to do so, please so state, answer each such interrogatory to the extent able, specify the portion of the interrogatory that cannot be answered fully and completely, state the facts supporting your contention that a complete answer cannot be provided, and state you current knowledge, information, and belief concerning the unanswered portion.

9. These interrogatories are submitted for purposes of discovery only and nothing herein shall be taken as an admission of relevance, or as a waiver of any objections to the admissibility at trial, of any evidence or information inquired about herein or furnished in response hereto.

10. If you object that a term or phrase is ambiguous or indefinite, then provide your reasonable understanding of the term or phrase and respond accordingly.

11. These interrogatories are continuing in nature and must be supplemented if additional information responsive to these interrogatories is obtained by Plaintiff.

## INTERROGATORIES

1. Identify all persons having knowledge or information, or upon whom Plaintiff relies, or may rely to support the allegations of the Motion.

2. Identify all persons who possess any knowledge or information of the alleged injury, economic or otherwise, that Plaintiff may suffer as a result of the D.C. Act.

3. Identify all analyses, economic or otherwise, done by or on behalf of Plaintiff or any of its members with respect to the impact of the D.C. Act on Plaintiff or any of its members.

4. For each of Plaintiff's members, identify with specificity all "sweeping adjustments" that Plaintiff's members would be compelled to make as a result of the D.C. Act.

5. For each of Plaintiff's members, identify with specificity the steps that Plaintiff's members would need to take to restructure their pricing, distribution, or other business practices to conform to the D.C. Act.

6. By member, identify all pharmaceuticals sold by Plaintiff's members that Plaintiff asserts would be covered by the D.C. Act.

7. With respect to Interrogatory No. 6 above, identify the quantity and dollar amount of each such drug sold in the District.

8. Identify all pharmaceuticals that Plaintiff asserts that its members will be precluded from selling or limiting the sale thereof in the foreign countries referenced in the D.C. Act.

9. With respect to Interrogatory No. 8 above, identify the quantity and dollar amount of each such drug currently sold in those foreign countries.

DATE: October ___, 2005                Respectfully submitted,

                                       ROBERT J. SPAGNOLETTI
                                       Attorney General, D.C.

                                       GEORGE C. VALENTINE
                                       Deputy Attorney General, D.C.
                                       Civil Litigation Division


                                       _____/s/ Robert Utiger_____
                                       ROBERT UTIGER, D.C. Bar No. 437130
                                       Senior Assistant Attorney General
                                       Civil Litigation Division
                                       Office of the Attorney General for
                                       the District of Columbia
                                       441 Fourth Street, N.W., 6th Floor South
                                       Washington, D.C. 20001
                                       Telephone: (202) 724-6532
                                       Facsimile: (202) 727-3625
                                       robert.utiger@dc.gov


                                       _____/s/ Richard S. Love_____
                                       RICHARD S. LOVE, D.C. Bar No. 340455
                                       Chief, Equity I
                                       441 Fourth Street, N.W., 6th Floor South

Washington, D.C. 20001
Telephone: (202) 724-6635
Facsimile: (202) 727-0431
richard.love@dc.gov

    /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov


    /s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
ellen.efros@dc.gov

8