EXHIBIT B

Case 1:05-cv-02015-RJL    Document 11-3    Filed 10/26/2005    Page 1 of 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THE DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | Civil Action No. 05-2015 (RJL) |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, and the local rules of this Court, Defendants request that Plaintiff, answer the following document requests in writing and deliver the documents requested herein to the Offices of the Attorney General of the District of Columbia, 441 4th Street, N.W., 6th Floor South, Washington, D.C. 20001, within five (5) days (including weekends and holidays) of service hereof by electronic means.

**DEFINITIONS AND INSTRUCTIONS**

1.  As used herein, unless otherwise specifically indicated, the term "Plaintiff" refers the Pharmaceutical Research and Manufacturers of America, it members, all other persons and corporations or business entities (whether or not separate legal entities) subsidiary to, parent to or affiliated with Plaintiff and all present and former officers, directors, trustees, employees, staff members, agents or representatives, including counsel.

2. "Possession, custody or control" means possession, custody or control, or right of possession, custody or control by Plaintiff.

3. The term "document" or "documents" includes, without limitation, originals, masters and every copy of writings, including handwritings, and printed, typed or other graphic or photographic matter including film or microfilm of any kind or nature, video tape, recordings (tape, disc or other electromagnetic or optical storage) or oral communications and other data compilations from which information can be obtained, in the possession, custody or control of Plaintiff, or any present or former officers, employees or agents thereof, or known by Plaintiff to exist. The term "document" or "documents" includes, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes to the files, artistic designs and layouts, shop notebooks, reports, memoranda, mechanical or electronic recordings or transcripts thereof, blueprints, flow sheets, formal or informal drawings or diagrams, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, studies, reports, inter-office communications, price lists, bulletins, circulars, statements, manuals, summaries or compilations, minutes of meetings, maps, charts, graphs, order papers, articles, announcements, books, catalogues, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, analyses, or statistical data.

4. Should Plaintiff deem to be privileged any information that is requested by any of the following document request, Plaintiff shall supply the following:

    a. The type of information (e.g., letter, notebook, intangible, etc.);

  b. The date the information was generated, if any (and if no date is available, the answer shall so state and shall give the date or approximate date that such information was prepared);

  c. The date on which the information came into Plaintiff's possession or control, if different from the date the information was generated;

  d. The name and title of the person who generated the information and the name and title of the person to whom the information is attributed, if different from the person who generated the information;

  e. If the information is a document, the name and title of the signer of the document and the name and title of the author (and if the document was not signed, the answer shall so state and shall give the name and title of the person who prepared it, if known, and if not known, the answer shall so state);

  f. The name and title of each recipient or addressee of such information (whether specifically named therein or not), either at the time of initial distribution or any subsequent time;

  g. A brief summary of the subject matter of the information; and

  h. The present whereabouts of the information and the name and address of the custodian thereof.

Further, Plaintiff shall supply the grounds on which each claim of privilege rests, identify who is making the claim of privilege, and identify the portion of the information to which the claim extends.

  5. The term "Complaint" means the complaint filed by Plaintiff on or about October 12, 2005.

  6. The term "Motion" means the Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff on or about October 12, 2005.

7. The "D.C. Act" means D.C. Act 16-171, the "Prescription Drug Excessive Pricing Act of 2005."

8. The singular includes the plural and vice versa and the words "and" and "or" are used both conjunctively and disjunctively to encompass all matters joined in the interrogatory.

9. These document requests are continuing in nature and must be supplemented if additional documents are obtained by Plaintiff that are responsive to these requests for documents.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

1. All documents reflecting, referring, or relating to any analyses or studies done by or on behalf of Plaintiff or any of its members with respect to the impact of the act, economic or otherwise, on Plaintiff or its members.

2. All documents reflecting, referring, or relating to an identification of the "sweeping adjustments" that Plaintiff's members would be compelled to make as a result of the D.C. Act.

4. All documents reflecting, referring, or relating to the specific steps that Plaintiff's members would need to take to restructure their pricing, distribution, or other business practices to conform to the D.C. Act.

5. All documents reflecting, referring, or relating to any other adjustments that Plaintiff's members would need to make to their business operations to comply with the D.C. Act.

6. All documents identifying those pharmaceuticals sold by Plaintiff's members that would be covered by the D.C. Act.

7. With respect to Request No. 6 above, all documents identifying the quantity and dollar amount of each drug sold in the District of Columbia.

8. All documents identifying those pharmaceuticals that Plaintiff's members will be precluded from selling or limiting the sale thereof in foreign countries listed in the D.C. Act.

9. With respect to No. 8 above, all documents identifying the quantity and dollar amount of each such drug sold in those foreign countries listed in the D.C. Act.

DATE: October ___, 2005         Respectfully submitted,

                              ROBERT J. SPAGNOLETTI
                              Attorney General, D.C.

                              GEORGE C. VALENTINE
                              Deputy Attorney General, D.C.
                              Civil Litigation Division


                              _____/s/ Robert Utiger_____
                              ROBERT UTIGER, D.C. Bar No. 437130
                              Senior Assistant Attorney General
                              Civil Litigation Division
                              Office of the Attorney General for
                              the District of Columbia
                              441 Fourth Street, N.W., 6th Floor South
                              Washington, D.C. 20001
                              Telephone: (202) 724-6532
                              Facsimile: (202) 727-3625
                              robert.utiger@dc.gov


                              _____/s/ Richard S. Love_____
                              RICHARD S. LOVE, D.C. Bar No. 340455

Chief, Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6635
Facsimile: (202) 727-0431
richard.love@dc.gov

    /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov

    /s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
ellen.efros@dc.gov

6