EXHIBIT  D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-2015 (RJL) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## **DEFENDANTS' FED.R.CIV.P. 30(b)(6) NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Defendants, by and through their counsel, will take the deposition upon oral examination of Plaintiff for discovery and for use at any hearing in this case. The deposition will take place before an officer authorized by law to administer oaths in the District of Columbia and be recorded by sound or stenographic means at the Office of the Attorney General, 441 Fourth Street, N.W., 6th Floor South, Washington, D.C. 20001, on Friday, November 4, 2005, beginning at 9:00 a.m., and continuing day-to-day thereafter until completed.

Pursuant to Rule 30(b)(6), Plaintiff shall designate one or more officers, directors, agents, employees or other persons who have knowledge of and will testify on behalf of Plaintiff with respect to the subjects specified in attached **Schedule A**. If there is no one individual with sufficient knowledge of the matters identified in **Schedule A**, then

Plaintiff shall designate for the deposition multiple representatives whose collective knowledge encompasses these matters.

The deponent is instructed to bring to the deposition all documents reviewed, referred to, or relied upon for his/her testimony as well as all documents which pertain in any way to the matters identified in Schedule A or are specifically requested therein.

You are invited to attend and participate as permitted by law.

DATE: October ___, 2005         Respectfully submitted,

                                ROBERT J. SPAGNOLETTI

                                Attorney General, D.C.

                                GEORGE C. VALENTINE
                                Deputy Attorney General, D.C.
                                Civil Litigation Division


                                _____/s/ Robert Utiger_____
                                ROBERT UTIGER, D.C. Bar No. 437130
                                Senior Assistant Attorney General
                                Civil Litigation Division
                                Office of the Attorney General for
                                 the District of Columbia
                                441 Fourth Street, N.W., 6th Floor South
                                Washington, D.C. 20001
                                Telephone: (202) 724-6532
                                Facsimile: (202) 727-3625
                                robert.utiger@dc.gov


                                _____/s/ Richard S. Love_____
                                RICHARD S. LOVE, D.C. Bar No. 340455
                                Chief, Equity I
                                441 Fourth Street, N.W., 6th Floor South
                                Washington, D.C. 20001
                                Telephone: (202) 724-6635
                                Facsimile: (202) 727-0431
                                richard.love@dc.gov

/s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov


/s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
ellen.efros@dc.gov

**SCHEDULE A**

DEFINITIONS AND INSTRUCTIONS

A. The term "complaint" as used herein is the document filed by Plaintiff in this case on or about October 12, 2005.

B. The term "Plaintiff" as used herein refers to Pharmaceutical Research and Manufacturers of America ("PRMA" or "Plaintiff") and its members.

C. "Motion" means Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum in Support thereof filed on or about October 12, 2005.

D. The term "employee" as used herein refers to anyone employed in any capacity by Plaintiff or its members.

E. The "D.C. Act" means D.C. Act 16-171, the "Prescription Drug Excessive Pricing Act of 2005."

F. Where requested to "identify" an event or instance, the deponent must be prepared to state: (1) the date and time that the event or instance took place; (2) the location of the event or instance; and (3) whether the event or instance occurred at a meeting, during a telephone conversation, by mail, or otherwise.

G. Unless otherwise indicated, the subject matters set forth below refer to the time, place and circumstances of the occurrences described or complained of in the Complaint or alleged in the Motion.

H. Knowledge, information or documents in the possession, custody or control of Plaintiff specifically includes such knowledge, information or documents in the possession, custody or control of Plaintiff's agents and attorneys.

I.   The terms "document" or "documents" as used herein mean all writings, drafts and copies of any nature whatsoever within the possession, custody or control of the plaintiffs (including, without limitation, agents, attorneys, or other persons acting or purporting to act for or on plaintiffs' behalf), including but not limited to any agreements, schedules, diagrams, charts, communications, correspondence, facsimile transmissions, telegrams, memoranda, records, reports, books, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, drafts, copies, accounts, analytical records, minutes or records of meetings or conferences, summaries of negotiations, circulars, draft notes, marginal notations, bills, invoices, checks, photographs, lists, computer tapes and cards, computer disks, electronic-mail messages, any written statements of witnesses or other persons having knowledge of the pertinent facts, whether or not such documents are claimed to be privileged against discovery on any ground and all other written, printed, electronic, recorded or photographic matter or sound reproductions however produced or reproduced.

J.   The words "and" and "or" shall be construed conjunctively and disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed without limitation.

K.   If you object to a subject matter or any portion of a subject matter on which the designated person is to testify, provide all information called for by that portion of the subject matter to which there is no objection. If you object to a subject matter on the grounds that the information is privileged from production, then you should provide a list of documents withheld from production, identifying each document by date, addressee(s),

author, title, and subject matter. In addition, you should identify those persons who have seen the document or who were sent copies. Finally, you should state the grounds upon which each such document is considered privileged.

### SUBJECT MATTERS FOR TESTIMONY
### BY DESIGNATED RULE 30(B)(6) DEPONENT

1.  Identification of all persons who possess any knowledge or information, or upon whom you rely, or may rely to support the allegations set forth in the Motion.

2.  Identification of all persons who possess any knowledge or information of the alleged injury, economic or otherwise, that Plaintiff will suffer as a result of the D.C. Act.

3.  Identification of all analyses, economic or otherwise, done by or on behalf of Plaintiff or its members, with respect to the impact of the D.C. Act on Plaintiff or its members and identification of all documents which support such analyses.

4.  To the extent not described above, specific identification of the "sweeping adjustments" that Plaintiff's members would be compelled to make as a result of the D.C. Act and identification of all documents which support such allegation.

5.  Identification of the specific steps that Plaintiff's members would need to take to restructure their pricing, distribution, or other business practices to conform to the D.C. Act and identification of all documents which support such allegation.

6.  Identification of all pharmaceuticals sold by Plaintiff's members that would be covered by the D.C. Act; identification of the quantity and dollar amount of each such drug sold in the District; and identification of all documents which support such facts.

7.  Identification of all pharmaceuticals that Plaintiff or its members will be precluding from selling or limiting the sale thereof in the foreign countries referenced in the D.C. Act and identification of all documents which support such facts.

8.  With respect to 7 above, identification of the quantity and dollar amount of all such drugs currently sold in those foreign countries referenced in the D.C. Act.