UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
PHARMACEUTICAL RESEARCH AND         )
MANUFACTURERS OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 05-2015 (RJL)
                                    )
THE DISTRICT OF COLUMBIA, *et al.*, )
                                    )
            Defendants.             )
_____ )

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
EXPEDITED DISCOVERY**

**I.  INTRODUCTION**

Plaintiff filed a twenty-two page (22) complaint and a forty-five (45) page Memorandum of Points and Authorities with six declarations[1] in Support of Its Motion for a Temporary Restraining Order and Preliminary Injunction, both reciting the purported parables of horror that will befall Plaintiff's members if the D.C. Act is allowed to take effect.  Nevertheless, Plaintiff now complains that it should not be subjected to any discovery whatsoever because it is "burdensome" and because it would put expedited resolution of the case at risk.[2]

Of course, if mere burden were recognized as a valid excuse for avoiding discovery, no discovery ever would take place since a party always complains about

---

[1] Five of the six declarations filed by Plaintiff are from officer of members of Plaintiff thus, as discussed herein, defeating any claim that Plaintiff's members should not be subject to discovery. If "complaints" of members are relied upon in support of the relief requested by Plaintiff, at the very least, those same members should be subject to discovery.
[2] Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion for Expedited Discovery ("Plt's Opp.") at 1.

"burden." Plaintiff well knows that an allegation of "burden" is not a valid excuse, especially here where Plaintiff has recited purported fact after purported fact in support of the relief it requests. Moreover, expedited resolution of Plaintiff's preliminary injunction only is at risk if Plaintiff fails to cooperate in a timely manner with Defendants' discovery efforts, as they appear intent to do. If so, however, Plaintiff has no one to blame but itself if the case is not resolved promptly as they insist it must be.[3]

Plaintiff further and inconsistently argues that Defendants have failed to explain, "except in the most generic terms," why they need discovery.[4] But almost in the very same breath, they recognize that Defendants' proposed discovery is directed to the question of irreparable harm[5] which Plaintiff argues repeatedly as grounds for its request for a preliminary injunction. Although Plaintiff advocates consolidating the preliminary injunction with a determination on the merits to eliminate this issue, it is not willing to concede the absence of irreparable harm which would obviate the need for at least some of the very discovery of which Plaintiff complains.

Plaintiff further complains of Defendants' request to shorten discovery response time and the fact that it would need to obtain information from its members to respond. Plaintiff, however, purports to represents its "members" and it is the alleged harm that would befall those members that Plaintiff recites in support of its claims for relief. Moreover, it is Plaintiff that consistently has insisted that this case be decided on an expedited basis. It appears from Plt's Opp., that Defendants should be subjected to

---

[3] Plaintiff also complains that Defendants made no mention of the need for discovery until after Plaintiff's T.R.O. application was denied and it was determined, with Defendants' assurances, that Plaintiff's claims could be decided on an expedited basis. Plt's Opp. at 2. Defendants still are not suggesting that Plaintiff's motion for a preliminary injunction cannot be resolved expeditiously unless Plaintiff continues to "stonewall" Defendants on their right to take at least some discovery directed to the very issues raised by Plaintiff in support of the extraordinary relief it is requesting.
[4] Plt's Opp. at 1.
[5] *Id.*

having this case decided on an expedited schedule, but that Plaintiff should not be subjected to the same standard when applied to discovery to which it must respond.

Finally, Plaintiff's own argument effectively rebuts its hollow claim that Defendants' offer no specific explanation why the information sought would aid the Court's resolution of the issue. It admits that Defendant seeks "detailed information"[6] The very discovery requests proposed by Defendants seeking "detailed information" directed to Plaintiff's claims make self-evident that the information sought would aid the Court's determination of the issues. Moreover, without willing to concede the absence of irreparable harm, Plaintiff also admits that Defendants' proposed discovery is directed to this issue.[7]

## II. ARGUMENT

> A. *Plaintiff's Claims Of Purported Irreparable Injury And The Effects To Be Caused By The D.C. Act Are Vague And Conclusory, Unsupported By Any Demonstration That The Act Will Have The Effects Of Which Plaintiff Complains.*

In opposing discovery, Plaintiff asserts that the D.C. Act is unconstitutional because of its obvious and intended effects.[8] Plaintiff's position, in essence, asks that the Court simply accept, at face value, that the D.C. Act will have the effects of which Plaintiff complains without any evidence whatsoever to support this conclusion. Similarly, Plaintiff asks this Court to presume that the law is unconstitutional by also presuming that Plaintiff's claims of intended effects are accurate. Regardless of the character of this action, however, Plaintiff still must be held to the same standard as every other civil litigant – to prove its claims by a preponderance of the evidence. Here,

---

[6] Plt's Opp. at 3.
[7] *Id.* at 1.
[8] Plt's Opp. at 3.

3

Plaintiff appears to ask the Court to side-step this requirement and, simply, based on the vague and conclusory allegations of the complaint as to what might occur if the Act is allowed to become effective, rule for Plaintiff.

While Defendants do not at all agree with Plaintiff "legal" arguments concerning (1) preemption of the Act by the federal patent laws; (2) violation of the Interstate Commerce Clause by the Act; and (3) violation of the Foreign Commerce Clause by the Act, the Court need not reach those issues yet in deciding Defendants' instant motion for discovery.

Notwithstanding Plaintiff's protestations to the contrary, the issue here is that Plaintiff's complaint and preliminary injunction papers are full of disputable fact after disputable fact as to the intended and likely effects of the D.C. Act which purportedly render it unconstitutional. Yet, Plaintiff, other than repeatedly reciting that the Act will have certain effects on its members' business, including the "sweeping adjustments" that Plaintiff's members would be compelled to make as a result of the D.C. Act, provides no specifics whatsoever as to what these adjustments are. Similarly, Plaintiff fails to provide any evidence whatsoever that it, or any of its members, have engaged in any type of legitimate analysis as to the actual impacts of the D.C. Act and what Plaintiff's members would need to do in response thereto.

When boiled down to its essence, Plaintiff's complaint and preliminary injunction papers are predicated on conjecture and speculation. Defendants' proposed discovery, on the other hand, is specifically directed at obtaining the facts underlying Plaintiff's speculative claims as to the intended and unlawful effects of the Act. In essence, Defendants are asking Plaintiff to demonstrate that the claims it has made have a basis in

reality, and are not simply based on Plaintiff's view of the world. Clearly, this type of discovery is not inappropriate as asserted by Plaintiff.[9]

Defendants', contrary to Plaintiff's representations, have demonstrated a specific need for the discovery requested. Moreover, Defendants seek to do more than simply "test" Plaintiff's affiants' statements, as Plaintiff would have this Court believe.[10] While in the normal course Defendants would not need to seek expedited discovery, because of Plaintiff's cries of alarm as to the harms that will befall its members if the D.C. Act takes effect, the case has been placed on an expedited calendar. Clearly, Defendants are entitled to take some discovery before the Court first rules on Plaintiff's request for a preliminary injunction which is based on large part on the purported irreparable effects to its members from the D.C. Act. Similarly, Defendants also clearly then are entitled to take at least some limited discovery directed to the merits of Plaintiff's claims concerning the alleged unlawful and unconstitutional "down-stream" effects of the D.C. Act.

> B. *Plaintiff Has Given No Indication That It Is Willing To Concede The Absence of Irreparable Harm And, Thus, Defendants Are Entitled To Discovery On The Issue.*

In support of its motion for a preliminary injunction, Plaintiff argues strenuously, throughout all the papers filed with this Court, that it members will be subject to immediate and irreparable harm if the D.C. Act takes effect. Yet, again, Plaintiff simply asks the Court to accept this representation based on conjecture and speculation, by

---

[9] Indeed, Plaintiff seeks to turn the burden of proof in this case on its proverbial head by arguing, for example, that "Defendants have not pointed to any factual matters that bear on the legal questions whether the District has impermissibly acted against foreign commerce or impinged on the federal foreign affairs powers." Plt's Opp. at 6. It is Plaintiff's burden, however, to prove this in the first instance, and not simply by alleging that such effect, *ipso facto*, will be a necessary consequence of the Act. It is not Defendants' burden to disprove an allegation based on mere conjecture. In any event, to test Plaintiff's vague claims in this respect, Defendants have directed specific discovery requests to Plaintiff's claims of the alleged impact of the D.C. Act on foreign commerce. *See* Ex A at ¶¶8-9 and Ex B at ¶¶8-9 attached to Defendants' Memorandum of Points and Authorities in Support of Motion for Expedited Discovery.
[10] Plt's Opp. at 7.

assuming that whatever harm Plaintiff represents will befall its members will occur and that such harm is "irreparable." Indeed, Plaintiff goes so far as to state that the Court may assume that the Act will force manufacturers to lower prices on patented prescription drugs destined for D.C. and that this effect, *ipso facto*, is irreparable harm.[11] Thus, Plaintiff asks this Court (and Defendants) simply to accept that whatever actions its members must take to comply with the Act automatically translate to irreparable harm.

As this Court well knows, however, not all injury is irreparable, as Plaintiff contends. Defendants clearly are entitled to test Plaintiff's allegations in this respect and require Plaintiff to demonstrate, which it has not, that the economic harm is so vast that it is impossible to measure and, thus, rises to the level of irreparable harm. Defendants' position in this respect is not inconsistent with the case law cited by Plaintiff.[12]

Finally, Plaintiff's argument that the issue of irreparable harm falls away if the Court grants its consolidation motion rings hollow. Plaintiff easily could obviate the need for at least some of the requested discovery if it were willing to concede the absence of irreparable and withdraw its request for a preliminary injunction. Having not done so, however, this Court should give no weight to this argument in deciding whether Defendants are entitled to discovery on the very issue Plaintiff has injected into the case in support of its claim for immediate relief.

> *C. The Proposed Discovery Need Not Delay Expedited Resolution Of Plaintiff's Preliminary Injunction Nor Is It Unduly Burdensome.*

As noted above, expedited resolution of Plaintiff's preliminary injunction need not be delayed because of Defendants' legitimate need to take some discovery. That outcome only will occur if Plaintiffs continue to object and refused to cooperate with

---

[11] Plt's Opp. at 8.
[12] *See* Plt's Opp. at 9.

Defendants' effort to take discovery on an expedited basis.  Plaintiff cannot have it both ways – its cannot demand expedited resolution of terrifically complex issues, but then argue it should not be held to an expedited schedule to permit Defendants needed discovery.

Similarly, Plaintiff's claims that Defendants should not be entitled to seek discovery from its members also forces Defendants to play by different rules.  Plaintiff, in support of its claims for relief, including a preliminary injunction, repeatedly and exclusively relies on the ***harm to its members*** and ***what its members purportedly may need to do to comply with the D.C. Act***.  In fact, in support of its motion for a preliminary injunction, Plaintiff relies on five (5) Declarations from ***officers of its members*** to support its requested relief.  Clearly, Plaintiff is nothing more than a surrogate for its members, the real parties in interest in this action, and asking it to responding to discovery on their behalf is not at all inappropriate.[13]

---

[13] In the normal course, Defendants may well also have sought to obtain discovery of Plaintiff's members through third-party subpoenas.  Because, however, of the expedited schedule imposed herein, this is not realistic.  Rather than throwing up road-blocks to legitimate discovery directed to the very allegations of the complaint and Plaintiff's moving papers that exclusively rely on the impacts of the D.C. Act on its members, one would assume, that in order to maintain the expedited schedule that it has insisted upon, Plaintiff would cooperate with Defendants in providing the requested discovery and at least make a good faith effort to provide the documents and interrogatory answers requested which go to the very essence of Plaintiff's claims ***on behalf of its members***.

### III.  CONCLUSION

For all the foregoing reasons, as well as those stated in Defendants' Memorandum of Points and Authorities in Support of Motion for Expedited Discovery, Defendants request that its Motion for Expedited Discovery be granted.

DATE: October___, 2005			Respectfully submitted,

						ROBERT J. SPAGNOLETTI
						Attorney General, D.C.


						GEORGE C. VALENTINE
						Deputy Attorney General, D.C.
						Civil Litigation Division

						       /s/ Robert Utiger
						ROBERT UTIGER, D.C. Bar No. 437130
						Senior Assistant Attorney General
						Civil Litigation Division
						Office of the Attorney General for
						 the District of Columbia
						441 Fourth Street, N.W., 6th Floor South
						Washington, D.C. 20001
						Telephone: (202) 724-6532
						Facsimile: (202) 727-3625
						robert.utiger@dc.gov

						       /s/ Richard S. Love
						RICHARD S. LOVE, D.C. Bar No. 340455
						Chief, Equity I
						441 Fourth Street, N.W., 6th Floor South
						Washington, D.C. 20001
						Telephone: (202) 724-6635
						Facsimile: (202) 727-0431
						richard.love@dc.gov


						       /s/ Andrew J. Saindon
						ANDREW J. SAINDON, D.C. Bar No. 456987
						Assistant Attorney General
						Equity 1
						441 Fourth Street, N.W., 6th Floor South
						Washington, D.C. 20001

Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov


_____/s/ Ellen A. Efros_____
ELLEN A. EFROS, D.C. Bar No. 250746
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
ellen.efros@dc.gov

9