UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-2015 (RJL) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER TO THE COMPLAINT

Pursuant to Fed. R. Civ. P. 7(a), 8(b), 12(a) and (b), defendants (collectively "the District"), by and through undersigned counsel, herein respectfully answer the Complaint in the above-captioned case (comprising 30 pages, 76 numbered paragraphs and three claims for relief).

For ease of reference only, the District utilizes the headings appearing in the Complaint in responding below.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the District.

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The allegations in the unnumbered paragraph appearing immediately below the heading "Complaint for Declaratory and Injunctive" are plaintiff's legal conclusions to which no answer is required.

### INTRODUCTION

## SECOND DEFENSE

In response to the numbered allegations of the Complaint, the District states as follows:

1. The allegations in paragraph 1 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required.

2. The allegations in paragraph 2 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required.

3. The allegations in the first sentence of paragraph 3 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required. The remainder of the allegations in paragraph 3 are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

4. The allegations in paragraph 4 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations. The District respectfully refers the Court to the referenced legislation, which is the best evidence of its content.

5. The allegations in paragraph 5 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations. The District respectfully refers the Court to the referenced legislation, which is the best evidence of its content.

6. The allegations in paragraph 6 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required; however, to the extent a response is required, the District denies the allegations.

7. The allegations in paragraph 7 of the Complaint are plaintiff's legal conclusions to which

no answer is required; however, to the extent a response is required, the District denies the allegations.

8. The allegations in paragraph 8 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

9. The allegations in paragraph 9 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

10. The District admits the allegations in paragraph 10 of the Complaint and avers that the Act was published in the D.C. Register on October 14, 2005.

11. The allegations in paragraph 11 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

12. The allegations in paragraph 12 of the Complaint are plaintiff's legal conclusions to which no answer is required.

## JURISDICTION AND VENUE

13. The allegations in paragraph 13 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District admits the existence of the referenced statutory provisions but denies that subject matter jurisdiction is conferred solely thereby.

14. The allegations in paragraph 14 are plaintiff's legal conclusions to which no answer is required.

15. The allegations in paragraph 15 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District admits that venue in the District of Columbia is appropriate.

## THE PARTIES

16. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 16 of the Complaint.

17. The allegations in paragraph 17 of the Complaint are plaintiff's legal conclusions to which no answer is required. The District admits that it is a municipal corporation and respectfully refers the Court to the referenced legislation, which is the best evidence of its content.

18. The District admits that Anthony A. Williams is the Mayor of the District of Columbia. The remainder of the allegations in paragraph 18 of the Complaint are plaintiff's legal conclusions to which no answer is required.

19. The District admits that Robert J. Spagnoletti is the Attorney General of the District of Columbia. The remainder of the allegations in paragraph 19 of the Complaint are plaintiff's legal conclusions to which no answer is required.

20. The District admits that Arnold R. Finlayson is the Administrator of the Office of Documents and Administrative Issuances for the District of Columbia. The remainder of the allegations in paragraph 20 of the Complaint are plaintiff's legal conclusions to which no answer is required.

## BACKGROUND

Federal Patent Law and Supplemental Pharmaceutical Regulations

21. The allegations in paragraph 21 of the Complaint are plaintiff's legal conclusions to

which no answer is required; however, to the extent a response is required, the District refers the Court to the referenced constitutional provision, which is the best evidence of its content.

22. The allegations in paragraph 22 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District refers the Court to the referenced legislation, which is the best evidence of its content.

23. The allegations in paragraph 23 are plaintiff's legal conclusions to which no answer is required.

24. The allegations in paragraph 24 of the Complaint are plaintiff's legal conclusions to which no answer is required.

25. The allegations in the first sentence of paragraph 25 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations of paragraph 25.

26. The allegations in the first sentence of paragraph 26 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required. The District admits that Congress passed the legislation referenced in the second sentence of paragraph 26, and refers the Court to the legislation, which is the best evidence of its content. The allegations in the third sentence of paragraph 26 are plaintiff's legal conclusions to which no answer is required.

27. The allegations in paragraph 27 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required.

28. The allegations in paragraph 28 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District refers the

Court to the referenced legislation, which is the best evidence of its content.

29. The allegations in paragraph 29 of the Complaint are plaintiff's legal conclusions to which no answer is required.

30. The allegations in paragraph 30 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District admits that the Constitution reads as quoted, but denies the remainder of the allegations.

Limitations on Extraterritorial Regulation by the District

31. The allegations in paragraph 31 of the Complaint are plaintiff's legal conclusions to which no answer is required.

32. The allegations in paragraph 32 of the Complaint are plaintiff's legal conclusions to which no answer is required.

33. The allegations in paragraph 33 of the Complaint are plaintiff's legal conclusions to which no answer is required.

34. The allegations in paragraph 34 of the Complaint are plaintiff's legal conclusions to which no answer is required.

35. The allegations in paragraph 35 of the Complaint are plaintiff's legal conclusions to which no answer is required.

The D.C. Act

36. The allegations in paragraph 36 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District admits that the referenced legislation was passed by the Council and signed by the Mayor, but denies the remainder of the allegations in paragraph 36.

37. The allegations in paragraph 37 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District admits the allegations.

38. The allegations in paragraph 38 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District refers the Court to the referenced legislation, which is the best evidence of its content.

39. The allegations in paragraph 39 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District refers the Court to the referenced legislation, which is the best evidence of its content.

40. The allegations in paragraph 40 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District refers the Court to the referenced legislation, which is the best evidence of its content.

<u>The Act's Disruption of the Patent System and Supplemental Drug Regulations</u>

41. The allegations in paragraph 41 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations and refers the Court to the referenced legislation, which is the best evidence of its content.

42. The allegations in paragraph 42 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required.

43. The allegations in paragraph 43 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

### The Extraterritorial Reach of the D.C. Act

44. The allegations in paragraph 44 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District refers the Court to the referenced legislation, which is the best evidence of its content.

45. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 45.

46. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 46.

47. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 47.

48. The allegations in paragraph 48 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

49. The allegations in paragraph 49 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

### The Effect of the D.C. Act on the Sale and Distribution of Drugs in Interstate Commerce

50. The allegations in paragraph 50 of the Complaint are plaintiff's factual characterizations to which no answer is required; however, to the extent a response is required, the District refers the Court to the referenced legislation, which is the best evidence of its content.

51. The allegations in paragraph 51 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required; however, to the extent a response is

required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 51.

52. The allegations in paragraph 52 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required.

53. The allegations in the first sentence of paragraph 53 of the Complaint are plaintiff's legal conclusions to which no answer is required. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations in paragraph 53.

54. The allegations in paragraph 54 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required.

55. The allegations in paragraph 55 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

56. The allegations in paragraph 56 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## PLAINTIFF'S CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

(Declaratory/Injunctive Relief – Preemption by Federal Patent Law Under the Supremacy Clause of Art. VI, cl. 2 of the United States Constitution)

57. The allegations in paragraph 57 of the Complaint are plaintiff's conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to the preceding paragraphs of the Complaint.

58. The allegations in paragraph 58 of the Complaint are plaintiff's legal conclusions to

which no answer is required.

59. The allegations in paragraph 59 of the Complaint are plaintiff's legal conclusions to which no answer is required.

60. The allegations in paragraph 60 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

61. The allegations in paragraph 45 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

62. The allegations in paragraph 62 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## SECOND CLAIM FOR RELIEF

(Declaratory/Injunctive Relief – Violation of the Commerce Clause
of Art. I, § 8, cl. 3 of the United States Constitution)

63. The allegations in paragraph 63 of the Complaint are plaintiff's conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to the preceding paragraphs of the Complaint.

64. The allegations in paragraph 64 of the Complaint are plaintiff's legal conclusions to which no answer is required.

65. The allegations in paragraph 65 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

66. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 66. The allegations in the second sentence of paragraph 66 are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

67. The allegations in paragraph 67 are plaintiff's legal and/or factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

68. The allegations in paragraph 68 are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

### THIRD CLAIM FOR RELIEF

(Declaratory/Injunctive Relief – Violation of the Foreign Commerce Clause
of Art. I, § 8, cl. 3 of the United States Constitution and the Exclusive Power of the Federal Government Over Foreign Affairs)

69. The allegations in paragraph 69 of the Complaint are plaintiff's conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to the preceding paragraphs of the Complaint.

70. The allegations in paragraph 70 are plaintiff's legal conclusions to which no answer is required.

71. The allegations in paragraph 71 are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

72. The allegations in paragraph 72 are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

73. The allegations in paragraph 73 are plaintiff's legal conclusions to which no answer is

required.

74. The allegations in paragraph 74 are plaintiff's legal conclusions to which no answer is required.

75. The allegations in paragraph 75 are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

76. The allegations in paragraph 76 are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

### PRAYER FOR RELIEF

The allegations in the six lettered paragraphs which appear directly following the heading "Prayer for Relief" are plaintiff's prayer for relief to which no answer is required; however, to the extent a response is required, the District denies that any relief should be awarded and requests that this Court dismiss the Complaint with plaintiff taking nothing by way of damages against the District.

The District further answers that all allegations in the Complaint which are not specifically admitted in this answer are hereby denied.

### THIRD DEFENSE

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

### FOURTH DEFENSE

Plaintiff does not have standing to bring the instant matter.

### FIFTH DEFENSE

Some of plaintiff's claims or defenses may be barred by *res judicata*.

SIXTH DEFENSE

Defendants Office of the Attorney General and Office of Documents and Administrative Issuances are non *sui juris*.

SEVENTH DEFENSE

The District reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.


DATE: November 1, 2005            Respectfully submitted,

                                  ROBERT J. SPAGNOLETTI
                                  Attorney General for the District of Columbia

                                  GEORGE C. VALENTINE
                                  Deputy Attorney General
                                  Civil Litigation Division


                                       /s/ Robert Utiger
                                  ROBERT UTIGER, D.C. Bar No. 437130
                                  Senior Assistant Attorney General
                                  Civil Litigation Division
                                  Office of the Attorney General for the District of Columbia
                                  441 Fourth Street, N.W., 6th Floor South
                                  Washington, D.C. 20001
                                  Telephone: (202) 724-6532
                                  Facsimile: (202) 727-3625
                                  robert.utiger@dc.gov


                                       /s/ Richard S. Love
                                  RICHARD S. LOVE, D.C. Bar No. 340455
                                  Chief, Equity I Section
                                  Office of the Attorney General for the District of Columbia
                                  441 Fourth Street, N.W., 6th Floor South
                                  Washington, D.C. 20001
                                  Telephone: (202) 724-6635
                                  Facsimile: (202) 727-0431

           /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov

-14-