UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-2015 (RJL) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION THAT THE MERITS OF PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGEMENT BE ADVANCED AND CONSOLIDATED WITH ITS REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff has moved this Court to advance trial in this action and consolidate the merits determination with plaintiff's motion for preliminary injunctive relief. Plaintiff appears to advance two rationales in support of its request. First, and primarily, plaintiff re-asserts its irreparable harm argument that, absent a determination on the merits prior to the effective date of the statute, a "parade" of lawsuits will be filed and the Court will be unable to provide plaintiff with full relief. Second, and with far less clarity, plaintiff seems to assert that *either* there are no facts material to resolution of the legal issues in this case, i.e. the issues are purely legal, *or* that there are material facts but that they are not in dispute. ("PhRMA's suit presents legal issues that are appropriate for summary judgment.") Plts. Memo at 1. ("PhRMA's constitutional claims all challenge the D.C. Act by its terms and do not depend on the development of any facts that are

material to the resolution of its legal claims.") Plts. Memo at 5.[1]  Neither of plaintiff's proffered arguments justifies deciding the merits of this case on the basis of plaintiff's preliminary injunction motion.

## ARGUMENT

Defendants do not dispute that, under appropriate circumstances, consolidation of a request for preliminary injunction and a determination on the merits is appropriate.  Plaintiff, however, has failed to even attempt to establish that consolidation is appropriate in *this* case.  As plaintiff appears to concede, a merits finding in favor of PhRMA is only appropriate if it satisfies the familiar standard for granting summary judgment. Plts. PI Memo at 4.[2]  Summary judgment is only appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *George v. Leavitt,* 407 F.3d 405, 410 (D.C.Cir. 2005)  As our Circuit has held in the context of the conversion of a Rule 12(b)(6) motion to a motion for summary judgment, under Fed.R.Civ.P. 56(f) "all parties must be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *First Chicago International*

---

[1] Defendants note that PhRMA has not filed a motion for summary judgment under Fed.R.Civ P. 56 and does not seek consolidation of such a motion with its request for preliminary injunctive relief.  Instead, plaintiff seeks to have its preliminary injunction motion treated as a motion for summery judgment.  While this approach would be appropriate in some cases, it is problematic here.  The merits argument in support of plaintiff's request for preliminary relief is replete with factual assertions.  Because plaintiff has not filed a statement of material fact not in dispute, as required by LCvR 56.1, defendants and the Court are hampered in analyzing the appropriateness of summary judgment in this case.

[2] Tellingly, plaintiff appears to concede that this case cannot be resolved as a motion on the pleadings and has not moved to do so under Fed.R.Civ.P. 12 (c).  The sole case cited by plaintiff suggesting the appropriate standard for the Court to apply here is *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242 (1986). Plaintiff ignores the threshold assumption of the Court in that case, "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his defense… we assume that both parties have had ample opportunity for discovery." *Anderson* at 250 Fn. 5.

*v. United Exchange Co.,Ltd., et al.,* 836 F.2d 1375, 1380 (D.C.Cir. 1988) Here, not only has the District not had full discovery, plaintiff opposes any discovery at all by the District.

Cryptically, plaintiff asserts that "PhRMA's constitutional claims all challenge the D.C. Act by its terms and do not depend on the development of any facts that are material to the resolution of its legal claims." Plts. Memo at 5. Of course, this bald assertion could mean either that no facts impact the resolution of plaintiff's claims, or that the material facts necessary to resolve plaintiff's legal claims are undisputed. Given the "fact" driven argument set forth in plaintiff's preliminary injunction motion, defendants assume the plaintiff meant to assert that the material facts necessary to resolve this case on the merits are undisputed. If so, plaintiff is mistaken.[3] This is particularly so since plaintiff's preliminary injunction motion is supported by five declarations that purport to address both the irreparable harm issue relevant to a request for preliminary injunction and issues clearly relevant to plaintiff's merits argument. Defendants note that plaintiff resists allowing the District to address these factual assertions through discovery. As set forth below, each of plaintiff's legal challenges to the Act rests on factual assertions that are material and disputed, rendering summary judgment unavailable.

**Preemption Under the Patent Laws**

Plaintiff first asserts that the statute at issue is preempted by federal patent laws. Plaintiff does not attempt to argue, nor could it, that the patent laws by their terms preclude anti-price

---

[3] Of course, if plaintiff really intended to assert that the facts asserted in its motion for preliminary injunction are not material to a resolution of plaintiff's legal claims, that fact might impact the Court's consideration of plaintiff's consolidation motion. In that case, plaintiff would be asking the Court to decide the legal issues presented assuming facts most advantageous to the District, i.e., that the statute does not unreasonably impact interstate commerce, does not have the effect of preventing PhRMA members from gaining an economic benefit from their patents or otherwise frustrate the purpose of the patent laws, nor impact on the federal government's ability to conduct foreign affairs. The District suspects that this is not the result plaintiff seeks.

gouging statutes such as the one at issue here. Instead, plaintiff argues that the statute has the effect of thwarting the "purpose" of the patent laws which, plaintiff asserts, is to allow the patent holder to recoup its research and development costs, cover the costs of new drugs that failed to "pan out" during development, and to provide an incentive to develop new drugs. Whether or not the statute at issue would actually have that effect is clearly a fact material to plaintiff's claim and the District has sought discovery relevant to this issue. Plaintiff's motion to consolidate the merits of this case with the preliminary injunction hearing is no more than a naked attempt to prevent the District from testing the factual predicate upon which plaintiff's preemption claim rests. The District is entitled to develop the factual record as to whether the Act, "frustrates" the purpose of the patent laws before summary judgment can be granted to plaintiff on this claim.

### Plaintiff's Commerce Clause Claim

Likewise, plaintiff's Commerce Clause claim must rest on the balance between the burden placed on interstate commerce by the Act against the local benefit. *Pike v. Bruce Church,* 397 U.S. 137, 142 (1970) It is without argument that the burden on interstate commerce is a factual issue. The District cannot adequately defend the Act against plaintiff's Commerce Clause claim without addressing the balance between the clear benefit to District citizens and plaintiff's claimed but unsupported allegations of interstate commerce burden. Clearly there are potential disputes as to material facts that the District is entitled to develop before this Court can grant plaintiff summary judgment.

### Plaintiff's Foreign Commerce Clause Claim

Plaintiff appears to rest this claim on the conclusory proposition that "[a] company deciding whether or on what terms to sell in the four listed countries, … will be compelled to take those domestic consequences into account." Plt. Memo at 31. Clearly plaintiff believes that

this assertion was not a question of pure law but a factual assertion, since plaintiff supports the proposition with cites to two declarations. *Id.* Plaintiff further supports it foreign commerce clause argument with the statement that one of its members will "cease selling [one of its drugs]… in Australia and Canada" if the Act goes into effect. *Id.* In support of this statement plaintiff relies on the Declaration of Asha Soto. Neither plaintiff's memorandum nor the Soto declaration even attempt to explain how this decision was reached or the underlying economic facts, if any, that drove the purported decision. Plaintiff's argument premised on the Foreign Commerce Clause clearly raises factual issues and the District is entitled to develop the factual record before the Court can grant plaintiff summary judgment on this issue.

Plaintiff has not established that this case is ripe for summary judgment because it has not even identified the material facts it claims support its arguments, much less that these "facts" are not in dispute.

**Plaintiff's Theoretical Harm**

Most of plaintiff's argument in support of its motion to advance trial on the merits centers on its renewed argument that its members will be irreparably harmed if the Act is allowed to go into effect. In support of the instant motion, plaintiff reasserts its argument that, absent a final declaration on the constitutionality of the Act prior to its effective date, the Court will be unable to grant fully effective relief. Plaintiff again, as it did in its request for temporary injunctive relief, bases this claim on the alleged possibility that large numbers of private citizens will bring enforcement actions against plaintiff's members even if the Court issues a preliminary injunction preventing the District from enforcing the statute. Not only is such "harm" speculative, it is immaterial and insignificant. It is certainly no reason to truncate the District's fundamental due process right to adequately present its case before a final merits determination.

Defendants fully agree that any preliminary injunction barring the District from enforcing the statute would not bar lawsuits filed by third parties, only a determination that the statute is unconstitutional would provide that protection. That said, plaintiff's implied suggestion that such an injunction would afford it no protection is a concerted effort to ignore reality. Even if this Court does not rule on the merits *and* the "parade" of lawsuits plaintiff purports to fear are indeed filed, any real "harm" to plaintiff's members will be minimal at best.

Defendants first note that courts have consistently held that ("'[m]ere litigation expense, *even substantial and unrecoupable cost*, does not constitute irreparable injury.'") *Alabama Power Co. v. FERC*, 993 F.2d 1557, 1567 n.5 (D.C. Cir. 1993) (emphasis added) (*quoting FTC v. Standard Oil Co.*, 449 U.S. 232, 244 (1980) (*quoting Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)) Further, "[T]he unease that often accompanies litigation is one of the ordinary burdens of our legal system that, like litigation expense, does not qualify as the type of injury warranting a preliminary injunction." *East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 704 (7th Cir. 2005) (*citing Bannercraft*).

Here, plaintiff has not even attempted to assert a basis for its fear that it will be forced to defend a barrage of lawsuits if this Court does not reach the ultimate merits of this case prior to the Act becoming effective. Such a vague fear is not a sound reason to deny the District the ability to fully develop the factual record in this case before final judgment is entered.

Further, even if a "barrage" of claims is in fact filed on the day the Act becomes effective, any harm to the plaintiff's members is extraordinarily unlikely. First, if a "barrage" of suits, or for that matter only two, are filed in the Superior Court for the District of Columbia, plaintiff's members would not only have the ability to move to treat the claims as related under SCR-Civ 42, they will have the affirmative duty to inform the Clerk of the related status of the

cases. Since it is reasonable to assume that all of plaintiff's members will defend the actions in the first instance by challenging the constitutionality of the Act under the same theories presented in this case, consolidation would then be appropriate under SCR-Civ 42 (a). Presumably, if the plaintiff's members are represented by very capable counsel, as plaintiff is here, they will move to stay the Superior Court cases until this Court rules on the Act's constitutionality, a motion that will almost certainly be granted in the interest of judicial economy.[4]

## CONCLUSION

Defendants have not had the opportunity to develop the factual record in this case and converting plaintiff's preliminary injunction motion is neither appropriate nor necessary.

DATE: November 4, 2005          Respectfully submitted,


                                ROBERT J. SPAGNOLETTI
                                Attorney General, D.C.


                                GEORGE C. VALENTINE
                                Deputy Attorney General, D.C.
                                Civil Litigation Division

---

[4] Defendants note that should plaintiff's members challenge the constitutionality of the Act in Superior Court, the trial court will be obligated to notify the Office of the Attorney General under SCR-Civ 24 (c). The District will have the right under SCR-Civ 24-I to intervene in the case for the purpose of defending the Act.

      /s/ Robert Utiger
ROBERT UTIGER, D.C. Bar No. 437130
Senior Assistant Attorney General
Civil Litigation Division
Office of the Attorney General for the District of Columbia
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6532
Facsimile: (202) 727-3625
robert.utiger@dc.gov


      /s/ Richard S. Love
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6635
Facsimile: (202) 727-0431
richard.love@dc.gov


      /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-2015 (RJL) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

ORDER

This case is before the Court for consideration of plaintiff's motion to consolidate the merits trial in this matter with plaintiff's pending motion for preliminary injunctive relief. After careful review of the parties' submissions, oral argument of counsel, and the entire record herein, it is hereby:

ORDERED, that Plaintiff's motion to advance and consolidate trial on the merits with plaintiff's motion for preliminary injunctive relief be, and the same is hereby, DENIED.

SO ORDERED.

DATE: _____          _____
                                       RICHARD J. LEON
                                       United States District Judge